UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DFO, LLC,<br><br>            Plaintiff,<br><br>   v.<br><br>DENNY BAR COMPANY, LLC,<br><br>            Defendant. | No. 2:18-cv-02226-JAM-KJN<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

DFO, LLC ("DFO" or "Plaintiff") seeks a preliminary injunction preventing Denny Bar Company, LLC ("Denny Bar" or "Defendant") from using the mark "Denny Bar Company" or any other mark, word, or name similar to Plaintiff's registered marks ("Denny's" and "Denny's Diner") in conjunction with the operation of a restaurant. Mot., ECF No. 9.

For the reasons set forth below, the Court DENIES Plaintiff's motion.[1]

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for November 6, 2018.

1

I.  FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

DFO is the intellectual property holding company for Denny's Corporation ("Denny's"), the national diner chain. Compl., ECF No. 1, ¶ 4. DFO owns service mark registrations for "Denny's" and "Denny's Diner." Compl. ¶ 7. DFO has been using the "Denny's" mark since 1961 and Denny's operates 1,724 restaurants in the United States, including restaurants in Redding, Crescent City, and Eureka, California. Id.

Denny Bar operates a distillery, restaurant, and bar in Etna, California which opened at the beginning of 2018. Compl. ¶ 8. Etna is a town of about 750 people located approximately thirty miles off Interstate 5. Tang Decl., ECF No. 11-1, ¶ 2. Denny Bar admits it was aware of Plaintiff's trademarks as of November 2017. Compl. ¶ 9; Ans., ECF No. 8, ¶ 9. Plaintiff alleges it demanded Denny Bar cease and desist serving food under the mark "Denny Bar Company" on May 25, 2018. Compl. ¶ 11.

DFO filed a complaint against Denny Bar on August 15, 2018 alleging trademark infringement, unfair competition, and violation of the Latham Act. Compl. Denny Bar filed an answer with affirmative defenses on September 6, 2018. Ans.

DFO now moves for a preliminary injunction to prevent Denny Bar from directly or indirectly using the mark "Denny Bar Company" or any other mark, word, or name similar to Plaintiff's marks. Mot. Denny Bar has opposed the motion. Opp'n, ECF No. 11.

///
///
///

II. OPINION

A. <u>Legal Standard</u>

To obtain a preliminary injunction, the moving party must establish (1) it is likely to succeed on the merits of its claim, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of hardships tips in its favor, and (4) a preliminary injunction is in the public interest. <u>Winter v. Nat. Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." <u>Id.</u> at 25.

B. <u>Likelihood of Success on the Merits</u>

In a trademark case, likelihood of success on the merits turns on the plaintiff's ability to show that the defendant is using a confusingly similar mark. See <u>GoTo.com, Inc. v. Walt Disney Co.</u>, 202 F.3d 1199, 1205 (9th Cir. 2000). The Ninth Circuit has developed eight factors (the "<u>Sleekcraft</u> factors") to guide the determination of a likelihood of confusion. <u>AMF Inc. v. Sleekcraft Boats</u>, 599 F.2d 341, 348 (9th Cir. 1979), <u>abrogated on other grounds by</u> <u>Mattel, Inc. v. Walking Mountain Prods.</u>, 353 F.3d 792 (9th Cir. 2003). The factors are (1) the similarity of the marks; (2) the relatedness of the two companies' services; (3) the marketing channels used; (4) the strength of plaintiff's mark; (5) defendant's intent in selecting its mark; (6) evidence of actual confusion; (7) the likelihood of expansion into other markets; and (8) the degree of care likely to be exercised by purchasers. <u>Id.</u> at 348-49. This eight-factor test is a "pliant" one, in which "[s]ome factors are much more important than others, and the relative importance of each individual factor

will be case-specific." Brookfield Commc'ns, Inc. v. West Coast Entm't Corp., 174 F.3d 1036, 1054 (9th Cir. 1999).

The Court finds the Sleekcraft factors largely disfavor finding a likelihood of confusion. While DFO's marks are strong, the other Sleekcraft factors tip greatly in Denny Bar's favor, are neutral, or are of minimal importance.

First, the similarity of the marks "has always been considered a critical question in the likelihood-of-confusion analysis" and the marks here are not similar. GoTo.com, 202 F.3d at 1205. DFO's marks for "Denny's" and "Denny's Diner" (Compl. at Exs. A-H; Reply Ex. 3, ECF No. 18-3) bear almost no resemblance to the mark used by Denny Bar (Opp'n Ex. A, ECF No. 11-2; Opp'n Ex. B, ECF No. 11-3). DFO's marks are distinctive in look and appearance in the marketplace, with designs, colors, and shapes not shared by Denny Bar's mark. Moreover, DFO's argument as to similarity because "Denny" is only an apostrophe and s away from "Denny's" runs afoul of Ninth Circuit precedent that "marks must be considered in their entirety and as they appear in the marketplace." GoTo.com, 202 F.3d at 1206.

Second, the relatedness of the services and marketing channels used do not favor a finding of a likelihood of confusion. While both Denny's and Denny Bar serve food, the two are not similar in atmosphere or menu offerings. Tang Decl. ¶¶ 8-9; Reply, ECF No. 18, at 2. Moreover, about 60-70% of Denny Bar's customers are local to Etna and, unlike Denny's, Denny Bar limits the advertisement of its restaurant to its website and social media accounts, rather than on radio, television, or billboards. Tang Decl. ¶¶ 6-7, 10-11. Denny's has no Etna

4

location; its closest location is in Medford, Oregon, about an hour and a half away from Etna. Bishop Decl., ECF No. 9-3 ¶ 4.

Third, the impact of Denny Bar's admitted awareness of DFO's marks is minimized by Denny Bar's significant showing that it has no intent to profit from DFO's marks and simply chose its name to invoke the history of the regionally-famous Denny Bar Company mercantile firm. See GoTo.com, 202 F.3d at 1208 (noting that the Ninth Circuit has "emphasized the minimal importance of the intent factor"); Tang Decl.; Gioia Decl., ECF No. 11-5; Peluso Decl., ECF No. 11-6; Short Decl., ECF No. 11-7.

Applying the relevant Sleekcraft factors, the Court therefore finds DFO has failed to demonstrate a likelihood of success on the merits.

C. Irreparable Harm

The Ninth Circuit no longer presumes irreparable harm upon a showing of likelihood of success on the merits in a trademark infringement case. Flexible Lifeline Sys., Inc. v. Precision Lift, Inc., 654 F.3d 989, 998 (9th Cir. 2011). Instead, the plaintiff must independently establish a likelihood of irreparable harm to obtain a preliminary injunction. Herb Reed Enterprises, LLC v. Fla. Entm't Mgmt., Inc., 736 F.3d 1239, 1249 (9th Cir. 2013). "[U]nsupported and conclusory statements regarding harm" that the plaintiff believes it might suffer are insufficient; actual evidence of likely irreparable harm is required. Id. at 1250.

DFO argues its alleged loss of control over Denny's business reputation and damage to goodwill constitute likely irreparable harm. Compl. ¶ 10; Reply at 3. But DFO fails to present any

concrete evidence that a loss of control of Denny's business reputation has occurred or is likely to occur at all, let alone absent an injunction.  The factually unsupported assertion by Curt Bishop, a Denny's Franchise Business Coach in Oregon, that, in his professional opinion and based on his experience, the Denny's in Medford, Oregon is "reasonably certain to draw diners from Etna, California" does not suffice.  Bishop Decl. ¶ 4.  Nor does DFO present any evidence that money damages would be inadequate to compensate for the alleged harm.

    The Court finds that DFO has failed to demonstrate a likelihood of irreparable harm through concrete evidence.

### III.   ORDER

    For the reasons set forth above, the Court DENIES Plaintiff's Motion for Preliminary Injunction (ECF No. 9).

    IT IS SO ORDERED.

Dated: November 8, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE